UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARDITA DAJBABIC, on behalf of herself and all others similarly situated,

                Plaintiff,

-against-

RICK'S CAFÉ INC. AND JOSEPH ALIOTTA

                Defendant.
------------------------------------------------------------x

CV 12 - 2808

COMPLAINT

COLLECTIVE ACTION

ECF CASE

JURY TRIAL DEMANDED

GERSHON, J.

MANN, M.J.

Plaintiff Ardita Dajbabic ("plaintiff" or "Ms. Dajbabic"), on behalf of herself and all others similarly situated, by her attorneys Levine & Blit, PLLC, complaining of defendants Rick's Café Inc. And Joseph Aliotta (collectively referred to herein as "defendants" or "Aliotta"), allege:

**NATURE OF ACTION**

1.     This action is brought to recover unpaid minimum wages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2.     Aliotta has systematically ignored the requirements of the FLSA and NYLL and failed to compensate his wait staff at the statutory minimum wage and has failed to pay his employees any hourly wage, requiring them to work only for tips. When Ms. Dajbabic complained about this practice, defendants terminated her employment.

3.     Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for the hourly minimum wage due to plaintiff, liquidated damages,

1

pre-judgment and post-judgment interest, compensatory and punitive damages due to Ms. Dajbabic on account of her retaliatory termination by defendants, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

4. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

5. Venue is proper in the Eastern District of New York under 28 U.S.C § 1391, as defendants are located in the Eastern District of New York.

## THE PARTIES

### Plaintiff

6. Ms. Dajbabic resides in Staten Island, New York. Ms. Dajbabic was employed as a waitress at Rick's Café Inc. from in or about March 2012 through April 2012.

7. At all times relevant to this action, Ms. Dajbabic has been an employee of defendants who are engaged in commerce or the production of goods for commerce.

### Defendants

8. Defendant Aliotta owns and operates Rick's Café Inc., a restaurant located at 695 Bay Street, Staten Island NY, 10304 since its opening in March 2012. Rick's Café Inc. prepares and serves French American cuisine and alcoholic beverages for customers on its premises.

9. At all times relevant to this action, defendants Rick's Café Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendants Rick's Café Inc. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales projected to be in excess of $500,000.

10. Defendant Aliotta is a natural person engaged in business in the City of New York and County of Richmond, who is an owner of Rick's Café, and is sued individually in his capacity as an owner, officer and/or agent of Rick's Café Inc. Aliotta exercises sufficient control over Rick's Café Inc.'s operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and implemented the pay practices at Rick's Café Inc., had the power to hire and fire plaintiff, and controlled terms and conditions of employment of the wait staff.

## COLLECTIVE ACTION ALLEGATIONS

11. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of herself and all similarly situated persons who are current and former employees of Rick's Café Inc. since the date three months prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

12. The FLSA Collective consists of approximately ten (10) similarly situated current and former employees of Rick's Café Inc. who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them any hourly wages.

13. The FLSA Collective consists of employees who, during their employment at Rick's Café Inc., fell into the category of non-exempt, non-managerial employees.

14. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, failing to pay employees the minimum wage for all hours worked.

15. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

16. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to plaintiff and the FLSA Collective.

17. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Aliotta, are readily identifiable, and locatable through defendant's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## DEFENDANT'S FAILURE TO PAY MINIMUM WAGE FOR ALL HOURS WORKED

18. The FLSA and NYLL require that employers pay all employees a minimum wage for all hours worked weekly up to forty (40), and requires that employers pay employees one and one-half (1 1/2) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

19. From the opening of Rick's Café Inc. in 2012 to the present, the New York minimum wage has been $7.25 per hour.

20. Defendants failed to pay any hourly wages to the wait staff. The wait staff earns only what they receive in tips from customers, which they receive in cash. Some nights, Ms. Dajbabic might not have any customers, and she would make no money at all for that shift. Other times, Ms. Dajbabic might make between $25 and $125 in tips.

21. Ms. Dajbabic worked at the restaurant three (3) days a week; from Friday to Sunday, from approximately 4:00 p.m. to 12:00 p.m. on Friday's, 4:00 p.m. to 2:00 a.m. on Saturday's, and 3:00 p.m. to 10:00 p.m. on Sunday's.

## DEFENDANT'S VIOLATION OF THE
## WAGE THEFT PREVENTION ACT

22. When Ms. Dajbabic was hired, Ms. Dajbabic was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

23. When defendants distributed the tips, they failed to provide Ms. Dajbabic with a statement listing: the dates of work covered by that payment; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

## RETALIATION

24. On or about March 31, 2012, Ms. Dajbabic approached defendant Aliotta regarding her pay. Ms. Dajbabic expressed to Aliotta her concern about receiving hourly wages for her and the wait staff, as required by law. Aliotta told Ms. Dajbabic that he needed more time to discuss hourly wages with his personal accountant and that he would begin paying them within the following week. Ms. Dajbabic continued working for Aliotta for the next two weeks without any shift pay. Ms. Dajbabic was only working off of cash and credit card tips. Aliotta never gave Ms. Dajbabic the cash from the credit card tips after she contacted him several times.

25. After continuously not being paid for several shifts and tips being withheld, Ms. Dajbabic made a second complaint to Aliotta. Aliotta told Ms. Dajbabic that he never got a chance to speak to his personal accountant about hourly wages and that the credit card tips belonged to him because of taxes. Ms. Dajbabic was never put on shift again after Aliotta refused to give Ms. Dajbabic her tips.

## FIRST CLAIM

(Fair Labor Standards Act – Unpaid Minimum Wage)

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendants are employers within the meaning of 29 U.S.C. §§ 203(E) and 206(a).

28. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

29. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

30. Defendants failed to pay plaintiff and the FLSA Collective for the actual hours that they worked.

31. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

32. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trail, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM

(New York Labor Law – Unpaid Minimum Wage)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

34. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff.

35. Defendants failed to pay plaintiff the minimum wages to which she is entitled under the NYLL.

36. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff the minimum hourly wages.

37. As a result of defendants' violations of the NYLL, plaintiff is entitled to recover her unpaid wages, reasonable attorneys' fees and costs of this action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM

(New York Labor Law- Wage Theft Prevention Act)

38. Plaintiff repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

39. The defendants failed to furnish to the plaintiff at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

40. Due to the defendants' violation of the NYLL§ 195(1), the plaintiff is entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

41. The defendants failed to furnish the plaintiff with each payment of wages a statement listing: the dates of work covered by the payment of wages; the name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL§ 195(3).

42. Due to the defendants' violation of the NYLL§ 195(3), the plaintiff is entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00 reasonable attorney's fees, and accosts and disbursements of the action, pursuant to the NYLL§ 198(1-d).

## FOURTH CLAIM

(Fair Labor Standards Act – Retaliation)

43. Plaintiff repeats and realleges paragraphs 1 through 39 as if fully set forth herein.

44. Defendants have willfully violated the anti-retaliation provision of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 § U.S.C. 215(a)(3).

45. Ms. Dajbabic is an "employee" within the meaning of 29 § U.S.C 203(a) and 215(a)(3).

46. Defendants are "persons" within the meaning of 29 § U.S.C 203(e)(1) and 215(a)(3), subject to individual liability for retaliatory conduct.

47. Plaintiff engaged in "protected conduct" by complaining to defendants about defendants' unlawful pay practice. Ms. Dajbabic's assertion of her statutory rights under the FLSA was "protected conduct" and put defendants on notice that she was asserting her rights.

48. As a result of Ms. Dajbabic's protected conduct, defendants willfully and intentionally retaliated against her by terminating her employment, because she engaged in protected conduct.

49. As a result of defendant's willful violations of the FLSA, Ms. Dajbabic is entitled to recover from defendants for front-pay, back-pay, mental anguish, punitive damages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## FIFTH CLAIM

(New York Labor Law – Retaliation)

50. Plaintiff repeats and realleges paragraphs 1 through 49 as if fully set forth herein.

51. Defendants have willfully violated NYLL § 215, which states, "no employer or his agent . . . shall discharge, penalize or in any other manner discriminate against any employee because such employee has . . . made a complaint to his or her employer . . . that the employer has violated any provision of this chapter."

52. Ms. Dajbabic is an "employee" within the meaning of NYLL § 2(5) and 215(1).

53. Defendants are "employers" and "Agents" within the meaning of the NYLL.

54. Plaintiff engaged in protected conduct by making a complaint to her employer about defendants' unlawful pay practices.

55. Defendants terminated Ms. Dajbabic as a result of her complaint.

56. As a result of defendants' willful violations of the NYLL, Ms. Dajbabic is entitled to recover from defendants for front-pay, back-pay, mental anguish, punitive damages, reasonable attorneys' fees, liquidated damages and pre-judgment and post-judgment interest.

## PRAYER FOR RELEIF

Wherefore, plaintiff, on behalf of herself and the FLSA Collective, respectfully requests that his Court enter a judgment:

  a. to authorize the issuance of notice at the earliest possible time to all employees who were employed by defendants during the three months immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of this action, and explain their right to opt into this lawsuit;

  b. to declare that defendants have violated the minimum wage, provision of the FLSA and the NYLL;

  c. to declare that the defendants' violations of the FLSA and NYLL were willful;

  d. to declare that defendants have violated the anti-retaliation provisions of the FLSA and the NYLL;

  e. to award plaintiff and the FLSA Collective damages for unpaid minimum wages;

 f. to award plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

 g. to award liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages pursuant to the NYLL;

 h. to award plaintiff and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

 i. to award plaintiff and the FLSA Collective pre-judgment and post-judgment interest under the FLSA and the NYLL;

 j. to award plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

 k. to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
   May 18, 2012

Yours, etc.,

_____
MATTHEW J. BLIT, ESQ. (4/1/45)
LEVINE & BLIT, PLLC
Empire State Building
350 Fifth Avenue – Suite 3601
New York, New York 10118
(212) 967-3000

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Index No.:

---

ARDITA DAJBABIC, on behalf of herself and all others similarly situated,

                                                                  Plaintiffs,

    -against-

RICK'S CAFÉ INC. AND JOSEPH ALIOTTA,

                                                                   Defendants,

---

# SUMMONS & COMPLAINT

---

MATHEW J. BLIT, ESQ.
LEVINE & BLIT, PLLC
Empire State Building
350 Fifth Avenue – Suite 3601
New York, New York 10118
Phone: (212) 967 – 3000
Fax: (212) 967 – 3010

---

ADMISSION OF SERVICE

Service of a copy of the within         is hereby admitted.
Dated:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                                                           Attorney(s) for

---

NOTICE OF ENTRY
PLEASE TAKE NOTICE that the within is a (certified) true copy of
an Order duly entered in the office of the Clerk of the within named Court on
Dated: New York, New York

NOTICE OF SETTLEMENT
PLEASE TAKE NOTICE that an Order, of which the within is a true copy, will be presented for settlement to the Hon.     , one of the judges of the within named Court in New York, on
Dated: New York, New York