**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**ARDITA DAJBABIC,**
*on behalf of herself and all others*
*similarly situated*,

                                    **Plaintiff,**

                    -against-

**RICK'S CAFE INC.** and
**JOSEPH ALIOTTA,**

                                  **Defendants.**
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**12-CV-2808 (NG)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is (1) plaintiff's motion for extension of time (a) to complete the deposition of defendant Joseph Aliotta and (b) to serve expert disclosure; and (2) defendants' motion to compel compliance with the previously scheduled discovery deadlines, with a limited exception for the completion of defendant Aliotta's deposition. See Letter Motion for Extension of Time (Apr. 4, 2013) ("Pl. Letter"), Electronic Case Filing Docket Entry ("DE") #57; Motion to Compel Compliance (Apr. 5, 2013) ("Def. Letter"), DE #58.

Defendants' summary of the evolving discovery schedule in this case is substantially accurate. See Def. Letter at 2. Specifically, pursuant to the Minute Entry embodying the discovery schedule set at the initial conference on December 12, 2012, plaintiff's expert disclosure was due by February 15, 2013, the same deadline for completing fact discovery; and defendants' expert disclosure was due by March 15, 2013. See Minute Entry (Dec. 12, 2012), DE #33. In response to plaintiff's subsequent request for a two-month extension of the

entire discovery schedule, see Letter Motion for Extension of Time (Feb. 7, 2013) ("2/7/13 Pl. Letter"), DE #44, the Court, among other things, reopened fact discovery on a limited basis until March 8, 2013, and extended the deadlines for expert disclosure by three weeks. See Minute Entry (Feb. 21, 2013), DE #47. Thus, plaintiff's deadline for serving expert disclosure was extended from February 15, 2013, to March 8, 2013 (once again coinciding with the fact discovery deadline). See id. In response to yet another wave of motions practice, the Court thereafter directed defendants to produce Aliotta for deposition on March 7, 2013 or "on or about March 22, 2013,"[1] but confirmed that "[t]he expert disclosure deadlines remain[ed] unchanged." See Order (Mar. 5, 2013) ("3/5/13 Order"), DE #53.

Therefore, plaintiff's assertion that the Court "*sua sponte* extended [plaintiff's] time for expert witness disclosure to April 5, 2013," Pl. Letter at 1, is not only unsupported by any record citation but is flatly refuted by the record.[2] The record clearly confirms that plaintiff's time for serving expert disclosure expired on March 8, 2013, and that at no time during the parties' many conferences and communications with the Court did plaintiff apprise the Court that plaintiff's expert witness would be unable to render his or her expert opinion without first obtaining a copy of a complete transcript of Aliotta's deposition testimony.

For the foregoing reasons, the Court finds that plaintiff has not acted diligently and has

---

[1] In a telephone conference with the Court, counsel confirmed that they were available on those dates, but defense counsel was unsure of Aliotta's availability on the latter date.

[2] The record also belies plaintiff's claim that "this is Ms. Dajbabic's first request for an extension of time for the completion of expert witness disclosure." See Pl. Letter at 1; but see 2/7/13 Pl. Letter (requesting a two-month extension of time "for the completion of factual discovery, expert depositions, and expert disclosures").

not established good cause for modifying the March 8th deadline for serving plaintiff's expert disclosure and in effect granting her a *nunc pro tunc* two- to three-month extension of that deadline. Therefore, plaintiff's request for such an extension is denied in its entirety.

Plaintiff also requests that fact discovery be extended to allow the completion of Aliotta's deposition, which commenced on April 2, 2013, but was aborted for personal reasons. See Pl. Letter at 1. What neither side acknowledges is that the Court had not authorized the parties to defer Aliotta's deposition until April. See 3/5/13 Order at 1 (directing Aliotta to appear for deposition on March 7, 2013 or "on or about March 22, 2013"). Nevertheless, since both sides have agreed to continue Aliotta's deposition on Tuesday, April 9, 2013, at 10:00 a.m., see Def. Letter at 1, and since the delay in deposing him will not affect the other court-imposed deadlines,[3] the Court will grant that limited request and hereby orders the parties to conduct and complete the Aliotta deposition on April 9, 2013.

Defendants' request that the Court reaffirm the applicable discovery schedule is granted to the extent reflected herein.

**SO ORDERED.**

**Dated:** Brooklyn, New York
April 5, 2013

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Defendants' expert disclosure is due today; expert depositions must be completed by May 3, 2013; if the case is not resolved through court-annexed mediation, requests for a premotion conference before Judge Gershon must be filed by May 15, 2013. See Minute Order (Mar. 20, 2013), DE #56.